Thank you, Your Honor. I am going to try to reserve two minutes for rebuttal if I can. I did want to raise one housekeeping matter with the Court before I get into my argument. I submitted a response to the government's letter of supplemental authorities yesterday afternoon. We received it. Oh, I wasn't sure the Court had because there was an error in my filing. I did want to note that the Court should ignore the citation to the last case in the last paragraph. I mistakenly thought of that as a 2009 case. It's actually a 2001 case and therefore shouldn't be considered as an unpublished case. So please redact it. I tried to cross it out from the copies I've given you. To get to the substance of my argument, Your Honors, the government concedes the District Court made an error here. All it argues is the error isn't reversible. First, it argued the error is harmless. Second, then maybe reflecting on the problems it has with that argument, two days ago it filed a change in its position arguing, oh, now it's plain error. Neither of those arguments works for the government, Your Honors. As to why the error can't be harmless, I'd ask the Court to just consider where that would lead and what that would imply. The main argument that's made for why it's harmless is the judge said, well, I'll give the same sentence anyway under 3553A. If that makes an error harmless, then that means the District Court can completely avoid doing the guidelines by saying I'd do the same thing anyway under section 3553A. And the worst part of that is, maybe not the worst, but one other problem with that is they wouldn't really be applying the 3553A factors. Because one of the 3553A factors is the guidelines. And granted, they're not entitled to any more weight and they're not controlling after Brooker, but they're also not entitled to any less weight. They're also supposed to be a starting point. They're also supposed to be kept in mind throughout the process. If they aren't even calculated, they're given not less weight or more weight, neither more nor less weight, they're given zero weight. They're not kept in mind throughout the process and they're not a starting point. Didn't the District Court here look at both, in effect calculate both guidelines, both under the Category 4 and Category 6, and then had both of them in mind when it was developing the sentence? I don't think he really did, Your Honor. I think he basically right up front said it doesn't matter. I'm not going to calculate them. I'm not going to consider them. I'm not going to reach the issue. I mean, yes, he knew what the two ranges were, but he certainly didn't engage in the sort of analysis of keeping them in mind throughout the process, of making them a starting point, and of giving them equal weight to the other 3553A factors. He certainly didn't sort of engage in two parallel analyses in that sense. So I don't think that that made the error here harmless. And it's also very troubling that the sentence he ends up choosing is right in the career offender range, which frankly suggests that the career offender guideline was operating back in there somewhere, in the back of his mind, if not the front of it. Can I ask you another question? Sure. This is more of just a practical question about the record. One of the issues that the District Court was concerned about, and didn't want to apply the modified categorical approach or do that analysis, and in looking at what was in the record, I wasn't sure that the state information for that 2006 false imprisonment was actually part of the District Court record. I didn't see it. Was that? Because that's what actually indicated that there was a, what the crime was, or whether it was divisible, which the District Court would have needed for doing that analysis. I'm actually not positive about that, Your Honor. I need to go back and I'm starting to pull out my excerpts. I think I need to go back and look. It may have been described in the pre-sentence report. I can't recall specifically. Frankly, that's not an issue I'd focused on. I'd focus more on the police report issue, and the point the Court brings up is a very good one. Well, to the extent that there was an actual abstract of record available to the District Court, that reflected a conviction for a 422 terrorist threat, criminal threats, rather than the correct help that he pled to for false imprisonment. Which was incorrect, yes. And I believe the charging document at least is described in the pre-sentence report, and perhaps it may be that the guilty plea transcript, Your Honor, also described the charging document. I can't recall. The plea colloquy refers to count 2 in the information and refers to 236, but I didn't see a reference to 237A, which is what the District Court would have needed to do a modified categorical analysis. Right. So 237A is just the definition, I believe. 236 is the definition. 237A is what the punishment is. Correct. And it creates the greater punishment if there's, I believe, violence, menace, fraud, or deceit, I think. It makes it a felony instead of a misdemeanor, I believe. Correct. Yes. I think the Court makes a good point, and I'm somewhat sagred I need to look back at the record to check on that. I had not picked up on that if that's an additional problem. I think there are the problems with the police reports, as I've indicated, and I could move on to that. I did want to briefly touch on the plain error issue. I don't think there's any plain error argument here at all that can be made. First of all, I think the objection is sufficient. I think telling the Court the guidelines have to be a starting point is basically also telling the Court the guidelines have to be calculated. Second, the government's wrong when it says that plain error arguments can't be waived. I've given the Court two cases in my supplemental authorities where that's exactly what this Court held. And third, I think this is the type of thing where you have a problem with crime of violence analysis, where courts have found plain error in the past. This Court has found plain error in the past in a published case that I've cited in my supplemental authorities. If the Court accepts the argument that there was harmless error here, is there a need to go any further than that to either comment on whether the modified category approach is appropriate in the case or to get to the substantive reasonableness of the sentence, or is the appropriate solution at that point is to remand the case? If you found there was not harmless error? If there was harmless error. If the error was harmless, I guess what you'd do is... Oh, you're right. If there was... If the error was not harmless? Right. There is actually a case I cited on page 18 in my opening brief, the Grissom case, which says you don't get to substantive reasonableness if there's procedural error that's not harmless. And I think probably the career offender issue comes in as part of the analysis of substantive reasonableness. Frankly, just as a sort of judicial efficiency point of view, I think it makes more sense to get the district court's ruling on that issue and the district court's evaluation... It's really just a question of law, right? Whether the modified categorical approach applies or not, that's what the district court... So if it goes back and the district court does it and that's appealed again and then we look at it again, does that make sense? Yes and no, Your Honor. I mean, here the district court certainly had some evaluations and opinions about the guilty plea transcript that it actually expressed in raising doubt about whether the police reports in this context could be considered. So I think there may be some potential factual... For example, one of my arguments is there has to be evidence that these police reports were, in fact, the ones that were being referred to by the defense attorney when he stipulated. And that, I think, is not something... That's more of a district court analysis, I think, and fact-finding analysis than an appellate court analysis. Second, you get... The Supreme Court certainly always talks about wanting this from lower courts. I think it's appropriate for a court of appeals also. It's helpful to have the lower court's legal analysis as another sort of input on the legal issues involved. That's more of a little bit of a discretionary thing. Did you want to save some time? I think I would like to do that, Your Honor. Thank you. We'll hear from you. Good morning, Your Honors. May it please the Court, Jennifer Cho on behalf of the United States of America. Just as a threshold question to clarify the confusion as to the underlying charge, what happened was that the defendant was initially charged with criminal threats in violation of California Penal Code 422, and then as it is shown in the colloquy transcript at his plea agreement, or at his guilty plea, he ended up pleading to the count of false imprisonment, a felony count, which 236 defines false imprisonment, and then 237 is the felony. That is a divisible statute. Where is 237 referenced in the cognizable documents? I didn't see it in the plea colloquy. Well, Your Honor, I don't believe that it is referenced in the plea colloquy, but it is clear that it is a felony because he was sentenced to 32 months. And one of the issues was that the abstract of judgment in that particular case incorrectly reflects the fact or incorrectly states that he was convicted or pled to the 422 count. And as the Court may have seen from the transcript of the sentencing hearing, one of the issues that came up at sentencing was that the defendant had wanted a little more time to try to go and correct the abstract of judgment. But as the District Court recognized, it wouldn't have made a difference if he had been convicted of criminal threats 422. This Court has found that that categorically is a crime of violence, and that wouldn't have helped him in terms of whether or not he was or was not a career offender. But he says in the plea colloquy that he's pleading guilty to count two of the information. Is the information in the record? I don't believe that the information was attached in the excerpts of record. And I also apologize. I'm not entirely sure whether or not it was submitted by the government in the sentencing papers to the Court, although I do believe that it is referenced in both the initial and the amended pre-sentence report. But regardless of the sort of confusion as to whether or not, you know, the abstract of judgment reflected 422 or 236, 237, really the main issue here is prejudice or harmlessness. Could I just get back to the question of whether the District Court could have used the modified categorical approach? So the District Court said, I don't want to decide that issue, but is there anything in the record that would have allowed it to do that analysis? Because why would it know that Mr. Dulay had been convicted, the state crime of conviction was 237A, if there's nothing in the record before the District Court establishes that? Well, Your Honor, the answer is yes, the District Court could have under the standard modified categorical approach. And how would that work based on the cognizable documents in the record? Yes, Your Honor. Because the plea colloquy and the statements to which the defendant either made or admissions at the plea colloquy that the defendant stipulated to, includes the world of the police reports. And the police reports indicate that what he committed were acts of force or threatened acts of force. Did they mention 237? I mean, do we know what he's convicted of other than 236? Yes, Your Honor. He is convicted of 237 because in, well, the plea colloquy does say that he was convicted of count two of the information. And although the abstract judgment incorrectly states that he was convicted of 422, the plea colloquy makes clear that he was not convicted of criminal threats, but that he was convicted of false imprisonment. We don't know what count two is. Your Honor, give me one second and let me grab, let me grab that. The lead up to the defendant's plea in the colloquy does explain that the parties were contemplating the plea to either the criminal threats or the false imprisonment. And the discussion does make clear that he is pleading to the felony count, ultimately, because he's sentenced to 32 months. And it necessarily means, therefore, that for a felony conviction under false imprisonment, the penalty provision of 237 would have to apply. 236 on its own is the mere definition of false imprisonment. In order for the state court to have imposed a sentence of 32 months, which the defendant was obviously aware of since he was stipulating to the facts and entering a plea and accepting a sentence of 32 months, necessarily the state court would have been applying the felony penalty provision at 237, even if 237A isn't explicitly mentioned in the plea colloquy. So if he wants to take the 236 at low term doubled, I will give him that. I guess that's the prosecutor. Yes, and then later. I'm sorry? Do you know what that means? Well, it's doubled. I'm not a state court practitioner, but my understanding is it was doubled because he did have a prior strike. And that, therefore, the sentence would have been doubled. But even half of 32 months is 16 months, which, again, is more than the misdemeanor penalty that would have been available had he been convicted only of a straight 236 without the felony penalty enhancement. Do you acknowledge that the 236 is not categorically a crime of violence? The 236 on its own is a misdemeanor, and so it would not qualify as a crime of violence, which requires a felony. Even treating it as a felony, it's not categorically a crime of violence. Do you acknowledge that? Because it is not a felony on its own. Here's what troubles me. It seems to me that district court necessarily had to go through the modified categorical approach and make a determination of whether this was a crime of violence because there's such a big gap between the career offender guideline and the guideline that otherwise applied if this was not a crime of violence. That is exactly the point that I was trying to get at before, which is actually the district court explained at such great detail why it is that the district court believed that a non-career offender guideline sentence would have been insufficient, that that is why the government submits that the failure to determine the career offender issue either was harmless or was not a showing of prejudice. Because either way, the question that it comes down to is would it have made a difference? Would Judge Otero have imposed a different sentence if he had, after applying a modified categorical approach, come up with the determination that he was not a career offender? But does that mean that in every case a district judge can get out of using the guidelines as the starting point and the benchmark simply by saying, you know, I've looked at the total record in this case and it really doesn't matter because under 3553 I'm going to impose the same sentence anyway? What's the point of having the guidelines calculation be the initial benchmark and how can we say that the district court kept that in mind throughout sentencing if he never made the calculation to begin with? In looking at the record, Your Honor, you can tell that the district court was fully aware of what the two options were. So this isn't a case in which the district court was applying 3553 factors and imposing a sentence in a total absence of the guidelines. If the requirement is that the district court use the guidelines as a starting point and is keeping the guidelines, considering the guidelines as he goes, keeping the guidelines in mind, that is what the district court did here. He was fully aware that the non-career offender option was a base offense level of 29 and a criminal history category of 4. He said that multiple times throughout the sentencing. And he also was aware that the career offender guidelines was a base offense level of 34 and a criminal history category of 6. And he said repeatedly, if it were the non-career offender guidelines, I believe under 3553A factors, which are given the same weight as the guidelines, and he said, I know that the guidelines are a starting point, but I believe that the 3553A factors are sufficient to justify the variance. You have a problem, though, because there's this case, Munoz-Camarena, it's been cited, and the issue there was whether it was a 4 or an 8 level adjustment. The district judge said, I think it's an 8. It later came out after the decision was made. The Supreme Court said, no, under the circumstances, it's a 4. But the judge essentially in that case said the same thing Judge Otero said here. He said, it doesn't matter to me whether it's a 4 or an 8. The sentence would be the same. And this court reversed and said, no, no, you have to decide whether it's a 4 or 8 and then proceed from there because if there's a variance, as there was in this case, the justification has to be greater depending on the extent of the variance. And so necessarily we need to know the starting point. How do you get around Munoz-Camarena? The difference is that there are three differences. The first is that Munoz-Camarena, as Your Honor knows, was an abuse of discretion review because the objection was preserved below. And the government submits, and it is this court's place to determine, not the party's place to determine the standard review, that the objection was not preserved because, in fact, defense counsel below said, well, I think the guidelines are a starting point, but this court obviously knows more than I do. I mean, that's not an objection. That's actually a concession. So it should be plain error review. Number two, there the district court stated that it would impose the same sentence. And I see that my time has run out, but if I could just answer the question. The district court said, well, I will impose the same sentence regardless. And the Ninth Circuit clarified that the mere statement of, I would impose the same sentence without more, and I'm quoting from the panel opinion, without more is not sufficient to justify the variance from what would have been the lower sentence. And then the third big difference is that in that case it was clear that the four-level or after the Supreme Court made the determination, it was the four-level adjustment was correct and not the eight-level adjustment. But here, and this court can find as a matter of law on the record, that the defendant, through the modified categorical approach, did use force or the attempted use of force or the threatened use of force when he committed the act of false imprisonment against his ex-girlfriend as set forth in the police documents, which are properly recognized as a shepherd document. And therefore, as a matter of law, this court can find that the defendant is a career offender and that, therefore, the sentence imposed by the district court is a within-guideline sentence. But the main difference is that after the Ninth Circuit clarified that the district court has to provide more of an explanation beyond a statement, well, I would impose the same sentence anyway. That is what the district court did here, and as this court saw from the sentencing transcript, Judge Otero went to great pains repeatedly to list the 3553A factors and explain why the unusual circumstances of this particular offense, including the killing of the victim's azueta, the defendant's exceedingly violent criminal history, which included convictions that weren't counted, justified either the career offender guideline sentence or a variance from the non-career offender guideline sentence. And I'll submit, Your Honor. Thank you. Counsel, you briefly alluded to this, but is there anything in the record that would tell us whether the police report was part of the court records in state court or whether the trial court had the opportunity to view those police reports when he accepted the stipulation to the factual basis? See, that's one of the problems of extending Almazan-Vazera to this case, Your Honor, is in Almazan-Vazera there was an affidavit from the probation officer who prepared the federal pre-sentence report saying, I got these police reports out of the court file, and the police reports that the defense attorney in that case stipulated were the factual basis were specifically, quote, the police reports in the court file, unquote. Here we've got a multitude of problems. First of all, we don't know if the police reports in question were in the court file that the trial attorney in the state case was referring to when he stipulated. Second, we don't know if the police reports that the prosecutor and the probation officer in this case got were those same police reports. We don't know where those came from. They may have come from the police department, may have been different from ones that were in the court file and still different from the ones the defense attorney was referring to. Third, exactly what Your Honor was pointing out, one of the requirements under Shepard is not just that the defendant be admitting the facts in question, but that the trial court be finding them when he takes the plea. And there's no evidence here that the trial court ever saw the police reports. The trial court could have just been assuming there were police reports, the state trial court, and saying, well, do you agree there's a factual basis based on those? I don't need to look at them. We just don't know what happened. This record is a mess, and Judge Ikuda's questions actually highlight how it's even more of a mess. To be fair to the court, it does appear there's a quote in the pre-sentence report addendum from an information, but we don't know where he got that. The information itself was never presented to the district court in this case. The bottom line is the record here is a mess, both in terms of the police reports, where they came from, and I haven't even gotten yet to what the words bear hug, carry, and pin mean, which, of course, I argue ad nauseam in my brief, and the government argues ad nauseam back. But the record here is a mess, and it's just not enough for the modified categorical approach to apply. And, frankly, it's a good reason why there ought to be a remand as opposed to your honors trying to figure it out. I mean, I guess I could say, well, you should just find the government has carried its burden and rule in my favor. Can you wrap up, please? I can. I'm sorry. The only other point I wanted to make is one of the 3553A factors that has to be considered is the guidelines, and they didn't get considered here because they never got found. And it's a big difference here. We're not talking about a little two-level thing. We're talking about a doubling. Thank you, Governor. Thank you for your argument. And the case of the United States v. Dual A is submitted.
judges: Burns, Ikuta, Nguyen